UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:24-cr-00010-GFVT-EBA |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| APRIL R. ROBERTSON, *et al.*, | ) ) | **&** |
| Defendants. | ) ) ) | **ORDER** |

*** *** *** ***

This matter is before the Court on the United States' Motion to Dismiss the Third-Party Petition filed by Shanatea Lawton [R. 85] and a Motion for Hardship Stay of Forfeiture and Eviction, filed by Shanatea Lawton proceeding *pro se*. [R. 89.]  Both motions deal with Ms. Lawton's efforts to contest the forfeiture of the real property located at 4409 East 104th Street, Kansas City, Missouri, which was forfeited by Defendant April Robertson in the above-captioned criminal matter.  For the reasons that follow, the Motion to Dismiss **[R. 85]** will be **GRANTED**, and the Motion for Hardship Stay **[R. 89]** will be **DENIED**.

**I**

On July 28, 2025, Defendant April Robertson pled guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and engaging in a monetary transaction with criminal proceeds, in violation of 18 U.S.C. § 1957.  As outlined in her plea agreement, Robertson, alongside her co-conspirator Jason C. Ocean, operated a scheme whereby businesses owned by Robertson billed Kentucky Medicaid for behavioral health services which were not

performed. [R. 56.]  In total, the Defendants obtained $9 million as a result of the fraud.  [Id. at 1.]

Also, as part of her plea agreement, Defendant Robertson agreed to forfeit to the United States property, including real estate, vehicles, and cash, which constituted the proceeds of the health-care fraud conspiracy. [*Id.* at 6-7; R. 1.]   One such property that Defendant Robertson agreed to forfeit was the real property known as 4409 East 104th Street, Kansas City, Missouri, held in her name, which she acknowledged constituted proceeds of the fraud. [R. 1 at 18-20.]

On October 31, 2025, this Court entered a preliminary judgment of forfeiture, which preliminary forfeited Ms. Robertson's interest in the subject real property and vehicles. [R. 72.] Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6), the United States provided notice of this forfeiture to Ms. Lawton, which it identified as a party with a potential interest.  In response to this notice, Ms. Lawton filed a notice of claim, asserting an interest in the Real Property. [R. 77; R. 79.]  After reviewing the notice of claim, the United States filed this Motion to Dismiss on January 30, 2026. [R. 85.]  In lieu of responding to the Motion to Dismiss, Ms. Lawton filed a motion seeking a "hardship stay" of forfeiture, purportedly pursuant to 18 U.S.C. § 983(f). These motions are now briefed and ripe for review. [R. 89.]

**II**

Criminal forfeiture is part of a defendant's sentence and may be sought by the government when the defendant violates any federal statute "for which the civil or criminal forfeiture of property is authorized." 28 U.S.C. § 2461(c).  Under 21 U.S.C. § 853, "[a]ny person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States … (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the

result of such violation" and "(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a).  The right to such property "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c).

The Attorney General is authorized to "direct the disposition" of any property ordered forfeited under the statute and to "take appropriate measures necessary to safeguard and maintain" that property pending its disposition. 21 U.S.C. § 853(i); Fed. R. Crim. P. 32.2(b)(3). In doing so, the government must provide notice of the forfeiture in the indictment or information, as provided in § 853, and if the government so complies, the Court must include the order of the forfeiture of the property as part of the defendant's sentence. *United States v. Hall*, 411 F.3d 651, 654 (6th Cir. 2005); Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute").  Indeed, the language of the applicable statutes saying the Court "shall order" the forfeiture when the standard is met indicate Congressional intention that criminal forfeiture in such cases is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)).

Under the Federal Rules of Criminal Procedure, "[a]s soon as practical after a verdict or finding of guilty … on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute … If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).  "If the forfeiture is contested, on either party's request the court must conduct a

hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(1)(B).  Once the government has met the statutory criteria, the court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment … and directing the forfeiture of any substitute property … without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2).  The Court must enter the preliminary order "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications" before it becomes final. Fed. R. Civ. P. 32.2(b)(2)(B).

After the preliminary order is entered, the United States must provide notice to interested third parties in accordance with § 853(n), and any third parties who claim an interest in the property must file a petition asserting such interest within thirty days. 21 U.S.C. § 853(n)(1)-(2); Fed R. Crim. P. 32.2(b)(6); *United States v. Gallion*, 534 F. App'x 303, 308 (6th Cir. 2013).  If a third party files such a petition, the Court must hold a hearing, "but no ancillary hearings is required to the extent that the forfeiture consists of a money judgment." Fed. R. Crim. P. 32.2(c).  "If no third-party files a timely petition, the preliminary order becomes the final order of forfeiture," and all other parties' interests in it are extinguished. Fed. R. Crim. P. 32.2(c)(2); *United States v. Erpenbeck*, 682 F.3d 472, 475 (6th Cir. 2012).

In other words, where a third-party files a timely petition, an ancillary proceeding commences and the third party is generally entitled to a hearing.  "However, under the Federal Rules of Criminal Procedure, a 'court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason' before holding a hearing." *United States v. Hall*, 877 F.3d 676, 681 (6th Cir. 2017) (citing Fed. R. Crim. P. 32.2(c)(1)(A); *United States v. Salti*, 579 F.3d 656, 664 (6th Cir. 2009) ("[D]iscovery and a hearing are not require prior to a ruling on a motion to dismiss [a petition].").

Here, two motions are pending before the Court.  Lawton filed a timely third party petition claiming an interest in the property located at 4409 East 104th Street, Kansas City, Missouri, which was forfeited by Defendant Robertson. [R. 77; R. 79.]  The United States moves to dismiss the claim prior to discovery or a hearing, pursuant to Rule 32.2(c)(1)(A), "because the Petitioner, who essentially acknowledges that she did not purchase or otherwise provide any consideration for the purpose of the Real Property, lacks standing to contest the forfeiture and has not stated a third-party claim upon which relief can be granted[.]" [R. 85.]  In lieu of a response to this Motion, Ms. Lawton filed a motion for hardship stay of forfeiture and eviction, pursuant to 18 U.S.C. § 983(f). [R. 89.]  The Court will separately address each motion.

**A**

At the earliest stages of the ancillary proceeding, the United States may contest the third-party claimant's standing to contest the forfeiture.  To establish standing under Article III, a plaintiff must show that "(1) [s]he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In the context of potential third-party claimants, the Sixth Circuit has consistently found that Article III's standing requirements are satisfied where the third party "claim[s] a facially colorable interest in the seized property." *Salti*, 579 F.3d at 667 (quoting *United States v. $515.062.42 in U.S. Currency*, 152 F.3d 491, 497-98 (6th Cir. 1998)).  This is "because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in party by the return of the seized property." *$515.060.42 in U.S. Currency*, 152 F.3d at

497 (citing *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 985 (3d Cir. 1992)). "'[T]he general federal practice in forfeiture matters' is to look to 'the law of the jurisdiction that created the property right to determine the petitioner's legal interest[,]'" in the Article III standing context. *Salti*, 579 F.3d at 668 (quoting *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006)).

Satisfaction of Article III standing is not the sole inquiry, however. Rather, the third-party claimant must also establish statutory standing, requiring her to establish that she can assert a legal claim, as opposed to an equitable claim, to the property at issue. See *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433-34 (6th Cir. 2012) (citing *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) ("If a court determines the claimant has an interest in the property under the law of the jurisdiction that created the property right, then … it must next look to federal law, i.e., 21 U.S.C. § 853(n)(6), to determine if the claimant will prevail in the ancillary proceeding."). Under § 853(n), a third party can establish a legal claim only on two bases: "first, that its interest in forfeitable property 'was superior' to the defendant's interest in the property 'at the time of the commission of the acts which gave rise to the forfeiture'; or second, that the third party was a '*bona fide* purchaser for value[.]'" *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (quoting § 853(n)(6)(A), (B)). However, third parties "lack statutory standing to challenge a district court's determination, in a preliminary order entered under … Rule 32.2(b)(2), that certain property is subject to forfeiture." *Id.* (citing *United States v. Holy Land Foundation for Relief & Dev.*, 722 F.3d 677, 690 (5th Cir. 2013)). Consequently, at bottom, the sole issue subject to litigation in the ancillary proceeding is that of ownership. *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010). It is upon these shoals that Lawton's claim runs aground.

In her claim, Lawton states that she has been residing at the property since December 21, 2021, along with her three children. [R. 77 at 6-7.] She provides that the property was purchased on December 19, 2021, by her mother, Defendant Robertson, and was intended to be a Christmas gift. [*Id.*] She provides that "the house is in [Robertson's] name as she signed all the paperwork, and the house was a surprise, but she has no interest in our home." [*Id.*] Lawton further states, "I am the one who is responsible for all the shelter expenses and upkeeping, and if the house was to be took from me and the kids will literally be homeless and that's something that I never want them to experience." [*Id.*] She also claims that she "[has] never had any plans on selling the property for financial gain." [*Id.*]

Unfortunately, as the United States points out, this equitable interest is insufficient to provide Lawton standing to contest the forfeiture of the property at issue. The United States and Robertson agree, as memorialized in the preliminary judgment of forfeiture, that the property at issue here has the requisite nexus to the Defendant's criminal activity to be subject to forfeiture. Lawton is barred from contesting this in the ancillary proceeding. Therefore, her only avenue for the relief she seeks is to demonstrate ownership of the property by a preponderance of the evidence. See *Monea Family Trust I*, 626 F.3d at 277. Lawton is simply unable to do so.

Lawton does not demonstrate that she has a superior legal interest to Defendant Robertson in the property, nor does she demonstrate that she was a *bona fide* purchaser for value. She merely acknowledges that the property was purchased and owned by Robertson, who, in turn, permitted her children and grandchildren to reside there. A party cannot claim a superior legal interest in property to which they claim no ownership interest at all. Furthermore, even if Robertson had transferred title to the property to Lawton via quitclaim deed for no consideration, this would also be inadequate, as being a *bona fide* purchaser requires an exchange of actual

7

consideration. See *Huntington Nat'l Bank*, 682 F.3d at 434 ("the *bona fide* purchaser exception is derived 'essentially from hornbook commercial law' and reflects the common-law rule that an 'innocent purchaser for valuable consideration must be protected.'") (citing *United States v. Harris*, 246 F.3d 566, 575 (6th Cir. 2001)).  The Court need not elaborate further on this point because Lawton does not assert that she owns the home or otherwise holds title to it, let alone purchased it for value at any time.

At bottom, Lawton does not own the property, nor does she even claim to.  Absent a legal interest, in the form of ownership, Lawton is unable to assert statutory standing to contest the forfeiture.  Accordingly, the United States' Motion to Dismiss [R. 85] must be granted.

**B**

In lieu of filing a response to the Motion to Dismiss, Lawton instead filed a Motion for Hardship Stay of Forfeiture and Eviction, premised on 18 U.S.C. § 983(f).  In this Motion, Lawton acknowledges at the outset that "April Robertson is the sole titled owner of the defendant real property located at 4409 E 104th St Kansas City, Missouri, 64137." [R. 89 at 2.] She further states that "none of the occupants are alleged to have engaged in criminal activity giving rise to the forfeiture[,]" "[c]ontinued seizure of the property places the occupants at immediate risk of displacement and housing instability[,]" and that "[m]inor children reside at the property and would suffer irreparable harm if forced to vacate their home." [*Id*.]  Finally, she requests that the Court "[g]rant an immediate hardship stay of forfeiture proceedings as to Petitioner's possessory interest; [s]tay any eviction, removal, or dispossession actions pending final adjudication; [a]llow Petitioner to remain in possession of the property during the pendency of proceedings[.]" [*Id*. at 3.]  However, because Section 983 hardship stays apply only to civil, as

8

opposed to criminal, forfeiture actions, the Court is without a lawful basis on which to stay the

proceedings.

Lawton's motion falls short for several reasons.  First, and perhaps most critically, 18

U.S.C. § 983 applies only to civil forfeitures, not criminal forfeitures such as the one here.

United States v. Egan, 2010 U.S. Dist. LEXIS 84151, at *5 n.1 (S.D.N.Y. Aug. 16, 2010) (citing

18 U.S.C. § 983(a)(3)(C) ("If criminal forfeiture is the only forfeiture proceeding commenced by

the Government, the Government's right to continued possession of the property shall be

governed by the applicable forfeiture statute.").  Here, that criminal forfeiture statute is that set

forth in § 853(n), as discussed at length above.  Further, even if § 983(f) applied here, its

protections are not triggered until the property at issue has already been seized by the United

States, which has not yet occurred in the present case.[1]  At any rate, because 18 U.S.C. § 983 is

inapplicable to the proceedings, and the Court is aware of no comparable hardship stay provision

relevant to criminal forfeitures, Ms. Lawton's motion [R. 89] must be denied.

### III

The Court sympathizes with Ms. Lawton and the unfortunate downstream consequences

which have resulted from the criminal activity undertaken by the Defendants in this case.

However, it is undisputed that the property at issue in these motions was acquired with the

proceeds of the fraudulent scheme promulgated by Robertson and Ocean.  The property is

entirely owned by Robertson and is indisputably the subject of this criminal forfeiture.  Ms.

Lawton lacks standing to challenge the forfeiture and the Court is unable to stay the forfeiture,

---

[1] It is worth noting that the United States provides in response to Ms. Lawton's Motion that "[t]he Petitioner
continues to reside at the Real Property, and, as long as the Real Property is properly maintained, the United States
does not intend to take possession of it until after entry of a final order of forfeiture and will only do so after
providing the Petitioner with an eviction notice and reasonable amount of time to vacate the property." [R. 92 at 3.]

even in view of the potential hardship that may result.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss **[R. 85]** is **GRANTED**;

2. Ms. Lawton's Motion for Hardship Stay of Forfeiture **[R. 89]** is **DENIED**;

3. The Third-Party Petition filed by Shanatea Lawton **[R. 77]** is **DISMISSED** and **STRICKEN** from the record.

This the 30th day of June 2026.

Gregory F. Van Tatenhove
United States District Judge